# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DONALD LEE BRADLEY,

    Petitioner,

v.                                              Case No. 3:10-cv-1078-J-32JRK

SECRETARY, FLORIDA
DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Before the Court is Respondents' Motion to Lift Stay and Notice of Exhaustion (Doc. 39), in which they request that the Court lift the stay imposed on May 10, 2017, because Petitioner has exhausted his claims related to Hurst v. Florida, 136 S. Ct. 616 (2016). See Doc. 39. They further argue that Petitioner should be not allowed to file a successive § 2254 federal habeas petition because Hurst is not retroactively applicable to Petitioner. Doc. 39 at 3. In response, Petitioner, through the Capital Habeas Unit of the Middle District of Florida, filed a memorandum (Doc. 41) agreeing that the May 10, 2017, stay of this case should be lifted, but arguing that Respondents' assertion that Petitioner should not be allowed to file a successive petition is premature because no such successive petition has yet been filed. Id.

Also before the Court is Respondents' Motion to Disqualify Capital Collateral Regional Counsel-North as Co-Counsel (Doc. 38), in which they allege CCRC-North's representation as federal habeas co-counsel presents a conflict because CCRC-North

is also Petitioner's state postconviction counsel. Id. According to Respondents, CCRC-North's dual representation in state and federal court precludes Petitioner's ability to raise federal habeas claims related to CCRC-North's effectiveness as state postconviction counsel as contemplated by Martinez v. Ryan, 566 U.S. 1 (2012), and Christenson v. Roper, 135 S. Ct. 891 (2015). See generally Doc. 38. The CHU-MDFL, on behalf of Petitioner, filed a memorandum in opposition. See Doc. 40. The CHU-MDFL argues that CCRC-North's representation as co-counsel does not present an actual conflict and explains that "CCRC-North is well aware of its ethical obligations, and none are breached by it working formally with the CHU-MDFL." Id. at 10.

On November 24, 2010, Richard Kuritz, Esquire, initiated this action on behalf of Petitioner, a death row inmate, by filing Petitioner's initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Doc. 1 (Petition). On March 12, 2014, the Court denied the Petition and dismissed this action with prejudice. See Doc. 15. Judgment was entered, and this case was closed on March 13, 2014. See Doc. 16. The Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of appealability on September 12, 2014. See Doc. 21.

Following the United States Supreme Court's opinion in Hurst, the Capital Habeas Unit for the Northern District of Florida filed a motion (Doc. 22) to be substituted for Mr. Kuritz as Petitioner's federal habeas counsel. The CHU-NDFL advised the Court that it was seeking to exhaust state court relief as co-counsel with CCRC-North. Id. On May 10, 2017, pursuant to 18 U.S.C. § 3599, the Court granted the CHU-NDFL's motion for substitution, finding good cause to permit the CHU-

2

NDFL to exhaust any state court remedies that Petitioner may have pursuant to Hurst and other claims that may be developed as co-counsel with CCRC-North. See Doc. 30. Thereafter, on November 21, 2018, the CHU-MDFL filed a motion (Doc. 35) to be substituted as Petitioner's federal habeas counsel and requested the Court to appoint CCRC-North as co-counsel for any federal habeas relief. On November 30, 2018, the Court granted the CHU-MDFL's motion to be substituted and appointed CCRC-North as federal habeas co-counsel for Petitioner. Doc. 36.

Contrary to the parties' current understanding, on May 10, 2017, the Court did not reopen this action and/or impose a stay for the purpose of allowing Petitioner to file a successive petition raising Hurst-related claims. The Court previously adjudicated Petitioner's § 2254 federal habeas claims challenging his conviction and death sentence; thus, the Court has no jurisdiction to consider a potential second or successive § 2254 petition unless the Eleventh Circuit first grants authorization to file such a petition. See 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). Petitioner has not applied for leave to file a successive habeas petition, and the Eleventh Circuit has not authorized Petitioner to file a successive habeas petition. Thus, the parties' request to lift a nonexistent stay is moot and the Court has no jurisdiction to consider a successive

habeas petition. Further, if Petitioner obtains authorization from the Eleventh Circuit to file such a successive federal habeas petition, he would then proceed on any second or successive petition by filing a new case with this Court.

The Court also declines to find that CCRC-North's representation as federal habeas co-counsel presents a conflict of interest at this time.

Accordingly, it is **ORDERED** that Respondents' Motion to Disqualify Capital Collateral Regional Counsel-North as Co-Counsel (Doc. 38) and Respondents' Motion to Lift Stay and Notice of Exhaustion (Doc. 39) are **DENIED**. As there are currently no pending matters in this case, the file shall remain closed. If Petitioner wishes to pursue a successive federal habeas petition, he must do so in a separately filed action.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of February, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Counsel of Record